# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

NAOD BELAI,

        Appellant,

        v.

DEPARTMENT OF COMMERCE,

        Agency.

DOCKET NUMBER
DC-0752-25-0187-I-1

DATE: April 17, 2026

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Naod Belai</u>, Mclean, Virginia, pro se.

<u>Chieko M. Clarke</u>, Esquire, and <u>Stacy Long</u>, Esquire, Alexandria, Virginia,
    for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed this appeal of a removal taken pursuant to a last-chance agreement (LCA) for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address the appellant's argument that the agency materially breached the LCA and to address the scope and applicability of the waiver of appeal rights provision in the LCA, we AFFIRM the initial decision.

## BACKGROUND

The appellant was a Patent Examiner in the agency's Patent and Trademark Office. Initial Appeal File (IAF), Tab 1 at 1. After the agency proposed his removal for unacceptable performance in February 2023, he entered into an LCA with the agency. *Id.* at 8-11. Pursuant to that agreement, the appellant had to perform at the Fully Successful level or better in all critical elements for 2 years to avoid his removal. *Id.* at 8-10. The LCA also provided that the appellant waived any right to appeal any agency action related to his violation of the LCA. *Id.* at 9.

The appellant's production rate was below the required rate for the quarter ending September 30, 2024. *Id.* at 38. The agency then removed the appellant pursuant to the LCA. *Id.* at 2.

The appellant filed the instant appeal. IAF, Tab 1. He asserted that the agency "engaged in bad faith actions that directly hindered [his] ability to meet [the LCA's] requirements" when his supervisor issued conflicting instructions

regarding a patent application resulting in an unnecessary waste of production time and when his supervisor denied his leave request. *Id.* at 2.

In an acknowledgement order, the administrative judge informed the appellant that the Board may not have jurisdiction over his appeal because he had signed an LCA waiving future appeal rights in the event of his removal for violating the agreement. IAF, Tab 2 at 2-3. The administrative judge apprised the appellant of his burden of making a nonfrivolous allegation of jurisdiction and ordered him to file evidence and argument on the jurisdictional issue. *Id.* The appellant responded, arguing that the agency materially breached the LCA by impeding his ability to demonstrate acceptable performance, as required by the LCA. IAF, Tab 11 at 7. The agency moved to dismiss the appeal for lack of jurisdiction. IAF, Tab 9 at 7.

The administrative judge issued an initial decision, dismissing the appeal for lack of jurisdiction. IAF, Tab 14, Initial Decision (ID), at 1, 8. He found that the appellant failed to nonfrivolously allege that he complied with the agreement or that the agency breached the agreement by acting in bad faith. ID at 5-7.

As to the bad faith allegation, the administrative judge was not persuaded that the appellant's supervisor intentionally caused the appellant to lose a production credit by instructing the appellant to change direction on a patent application. ID at 5-6. The administrative judge was also not persuaded that it was bad faith for the appellant's supervisor to deny the appellant's requests for 15 hours of leave from September 23-25, 2024, which the appellant requested after he had already taken the leave. ID at 6-7. Finally, the administrative judge found that the appellant failed to nonfrivolously allege that the agreement was involuntary or resulted from fraud or mutual mistake. ID at 7.

The appellant has timely filed a petition for review. Petition for Review (PFR) File Tab 1.[2] The agency has responded to the petition for review, to which the appellant has replied. PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant has the burden of proving the Board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(b)(2)(i)(A). The Board lacks jurisdiction over an action taken pursuant to an LCA in which an appellant waives his Board appeal rights, unless he shows that the waiver is unenforceable. *E.g.*, *Smith v. Department of the Interior*, 113 M.S.P.R. 592, ¶ 6 (2010). To establish that a waiver of appeal rights in an LCA is unenforceable, an appellant must show that: (1) he complied with the LCA; (2) the agency materially breached the LCA or acted in bad faith; (3) he did not voluntarily enter into the LCA; or (4) the LCA resulted from fraud or mutual mistake. *Id.* When an appellant raises a nonfrivolous factual issue of compliance with an LCA, the Board must resolve that issue before addressing the scope of and applicability of a waiver of appeal rights in the LCA. *Willis v. Department of Defense*, 105 M.S.P.R. 466, ¶ 18 (2007). Nonfrivolous allegations of Board jurisdiction are allegations of fact that, if proven, could establish a prima facie case that the Board has jurisdiction over the matter at issue. *Id.*; 5 C.F.R. § 1201.4(s).

We modify the initial decision to find that the appellant did not make a nonfrivolous allegation that the agency materially breached the LCA.

On review, the appellant argues that the administrative judge mischaracterized his argument that the agency breached the agreement as a bad faith argument.[3] PFR File, Tab 1 at 5-6. He asserts that by doing so, the

---

[2] The appellant submitted evidence and argument with his petition for review regarding the existence of good cause for his purportedly untimely filed petition for review. PFR File, Tab 1 at 3-4, 9-14. As the petition for review was timely filed, there is no need for the appellant to show good cause.

[3] The appellant does not challenge the administrative judge's finding that he did not make a nonfrivolous allegation that the agency acted in bad faith. ID at 6-7. Nor does

administrative judge improperly required the appellant to nonfrivolously allege that the agency acted with intent. *Id.* at 7. While the appellant initially framed his argument as one of bad faith, IAF, Tab 1 at 2, in his jurisdictional response he maintained that the agency materially breached the LCA, IAF, Tab 12 at 4-6. Thus, we modify the initial decision to address this argument; however, we still agree with the administrative judge's determination that the appellant has not made a nonfrivolous allegation of jurisdiction.

The appellant reiterates his argument on review that the agency materially breached the LCA by failing to provide him with an opportunity to meet his performance standards, causing him to not meet the production rate. PFR File, Tab 1 at 6-7; IAF, Tab 12 at 4-6. An LCA is interpreted pursuant to contract law, and therefore a breach can be established by proving material noncompliance, regardless of motive. *Link v. Department of the Treasury*, 51 F.3d 1577, 1582 (Fed. Cir. 1995); *Burke v. Department of Veterans Affairs*, 121 M.S.P.R. 299, ¶ 8 (2014). A material breach of the term of a settlement agreement is a breach that relates to a matter of vital importance or goes to the essence of the contract. *Hernandez v. Department of Defense*, 112 M.S.P.R. 262, ¶ 6 (2009); *see Lutz v. U.S. Postal Service*, 485 F.3d 1377, 1381 (Fed. Cir. 2007). A breach of a settlement agreement is material when it relates to a matter of vital importance or goes to the essence of the contract. *Kitt v. Department of the Navy*, 116 M.S.P.R. 680, ¶ 11 (2011).

The appellant alleged below that the agency did not allow him an opportunity to demonstrate acceptable performance and materially breached the LCA. IAF, Tab 12 at 5-6. Specifically, according to the appellant, he consulted with his supervisor on September 27, 2024, regarding a patent application, and prepared a Notice of Allowance consistent with his supervisor's instructions on

he challenge the administrative judge's findings that he voluntarily entered into the agreement, that the LCA was not entered into under fraud or mutual mistake, and that he did not comply with his obligations under the terms of the LCA. ID at 7. We decline to disturb these findings.

September 28, 2024. *Id.* The following day, his supervisor reversed his earlier instruction, and, as result of the delay, the appellant lost a production count for the quarter. *Id.* at 6. The administrative judge found that the supervisor did not act improperly by changing his directive on how to handle the patent application and that the prompt feedback suggests that the supervisor acted in good faith. ID at 6. The appellant does not dispute this finding on review or allege that the response time and process was atypical. PFR File, Tabs 1, 4. Thus, we find that the appellant did not nonfrivolously allege that the agency materially breached the contract provision that it would allow the appellant an "additional opportunity to demonstrate acceptable performance" when his supervisor provided prompt feedback on a patent application which resulted in additional work for the appellant.

The appellant also alleged below that the agency materially breached the LCA when his supervisor denied his request for annual leave, submitted after the appellant had already taken the leave, which caused his production to drop below the required "fully successful" threshold. IAF, Tab 12 at 6. He alleged that his supervisor typically approved his leave retroactively but did not do it this time to intentionally affect his production rate. *Id.* While the appellant submitted evidence of the other leave requests made during the same quarter, he does not indicate if he submitted those requests after he had already taken the leave. IAF, Tab 11 at 14. Regardless, we agree with the administrative judge's determination that, even if the supervisor had retroactively approved leave requests in the past, he was not obligated to approve it retroactively in this instance. ID at 7. The appellant does not dispute this finding on review. Thus, we again find that appellant did not nonfrivolously allege that the agency materially breached the contract provision that it would allow the appellant an "additional opportunity to demonstrate acceptable performance" when his supervisor denied a retroactive leave request.

In sum, we find that the appellant did not nonfrivolously allege that the agency materially breached the LCA when it removed him.

<u>We modify the initial decision to find that the LCA contained a clear and unequivocal waiver of the appellant's right to file an appeal of this removal.</u>

Because the appellant did not make a nonfrivolous allegation that he complied with the LCA or that it was invalid, the next step in the analysis is the scope and applicability of the waiver of appeal rights in the LCA. *See, e.g.*, *Rhett v. U.S. Postal Service*, 113 M.S.P.R. 178, ¶ 17 (2010); *Stewart v. U.S. Postal Service*, 926 F.2d 1146, 1148-49 (Fed. Cir. 1991). The administrative judge did not address the waiver of the appellant's right to a Board appeal below, and thus we modify the initial decision to do so on review. ID at 7.

It is well settled that a waiver of a statutory right, such as the right of a tenured Federal employee to appeal an adverse action to the Board, must be clear, unequivocal, and decisive. *Hamiter v. U.S. Postal Service*, 96 M.S.P.R. 511, ¶ 15 (2004). Here, the LCA resolved the agency's February 21, 2023 proposed removal of the appellant for unacceptable performance. IAF, Tab 1 at 9. Under the LCA, the agency agreed to hold the effective date of the appellant's removal in abeyance in return for his compliance with the terms of the LCA for a 2-year period. *Id.* at 10. The appellant agreed that any failure to comply with the LCA would cause his removal to be "affected at the [a]gency's sole discretion if and when the [appellant] fails to meet the required level of performance in any critical element." *Id.* at 8. He does not dispute the administrative judge's finding that he was not in compliance with the LCA. ID at 5. This noncompliance triggered the waiver provision which stated that the "[e]mployee voluntarily waives all individual complaint, appeal and grievance rights on these issues in existence on the date [e]mployee signs this [LCA] . . . brought before the Merit Systems Protection Board . . ." and will only retain appeal rights "on the issue of whether the parties complied with the terms and conditions of this [LCA]." IAF, Tab 1 at 9.

We find that this language constitutes a clear and unequivocal waiver of the appellant's right to appeal the implementation of his February 2023 removal to the Board. *See Bruhn v. Department of Agriculture*, 124 M.S.P.R. 1, ¶¶ 20-22 (2016) (finding that the appellant waived his right to appeal the implementation of his prior removal under the terms of the LCA). In addition, the appellant was advised to have an attorney review the LCA prior to signing it, was given 21 days to consider the LCA before agreeing to the terms, and 7 days from the date all parties signed the LCA to revoke it. IAF, Tab 1 at 10. Because the appellant has not shown that this waiver is unenforceable, the Board lacks jurisdiction over his appeal of the underlying removal, and the administrative judge properly dismissed this appeal for lack of jurisdiction. *See Rhett*, 113 M.S.P.R. 178, ¶ 17.

The administrative judge did not "prematurely" close the record below.

The appellant also argues that the administrative judge prematurely closed the record and issued the initial decision before he could respond to errors in the agency's response to the appellant's jurisdictional submissions. PFR File, Tab 1 at 7-8. We disagree. In the December 10, 2024 acknowledgment order, the administrative judge ordered the appellant to respond within 15 calendar days of the date of the order and stated that the agency could file a response within 25 calendar days of the date of the order. IAF, Tab 2 at 1, 3. While the administrative judge did not set a date upon which the record would close, he stated that the record on the issue of jurisdiction would close on the date the agency filed its response. *Id.* at 3. He also advised the parties that no evidence or argument on the jurisdictional issue would be accepted after the close of record unless it was new and material evidence that was previously unavailable. *Id.*

After receiving requests for extensions from both parties, the administrative judge ordered the appellant to file his response to the acknowledgment order no later than January 21, 2025, and ordered the agency to file its response no later than January 31, 2025. IAF, Tab 10 at 2. The agency

filed its response on January 29, 2025. IAF, Tab 13. Per the acknowledgment order, the record closed on the date the agency filed its response, i.e., January 29, 2025. IAF, Tab 2 at 3. On review, the appellant asserts that there were factual misrepresentations in the agency's jurisdictional submission that he did not have the opportunity to respond to because the record was closed prematurely. PFR File, Tab 1 at 7. However, he did not identify or explain these alleged errors or why these facts mattered to the outcome of his appeal. *Id.* Thus, he has not shown that his substantive rights were prejudiced regarding the dispositive jurisdictional issues in this case. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____
*Gina K. Grippando*
Gina K. Grippando
Clerk of the Board

Washington, D.C.